EPHRAIM MOULTON *v.* EDSON S. HALL AND OTHERS.

*Depositions.*

The provision that "no agent or attorney, * * * shall write or draw up the deposition of any witness," (Comp. Stat. 274, §10,) includes an agent or attorney employed to attend to the taking of the deposition, although not otherwise employed in the case; but does not extend to one employed to assist the magistrate in drawing up the deposition, who has no other agency in the matter, although he is paid by the party.

The writing or drawing up of a deposition, which is prohibited, does not extend to a mere copying, but has reference to the composing or inditing of it.

Upon the trial of this case, June Term, 1854,—COLLAMER, J., presiding,—the deposition of Ephraim Moulton, Jr., was offered by the plaintiff, and objected to on account of its being in the hand writing of the son of the plaintiff's attorney, and written by order of the said attorney.

The plaintiff showed that a deposition from the deponent was furnished to his attorney which contained verbal informalities, and that he directed his son to make a copy of it only correcting such informalities; and that this was done, the copy sent to the deponent, and returned signed, &c., which was the deposition then offered. A copy of the first deposition, the original being lost, was admitted in evidence, though objected to, and on comparing said copy with the deposition offered, the county court overruled the defendant's objection and admitted the deposition, to which the defendants

excepted. The points of similarity and difference between the original deposition and the one offered are sufficiently stated in the opinion of the court. Exceptions were also taken by the defendant to the decision of the county court allowing certain portions of the depositions of Phineas Smith and Henry H. Moulton to be read, which were objected to by the defendants. The nature of the objections does not appear in any papers furnished to the reporter.

*E. N. Briggs* and *J. Pierpoint,* for the defendants.

*O. Seymour* and *E. J. Phelps,* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J. The question involved in the present case is one of some nicety and of considerable practical importance. The terms of the statute are, (Ch. 34, § 10, Comp. Stat.) "No agent, attorney or person interested in any cause, shall write or draw up the deposition of any witness," &c. Two questions naturally arise: 1. Who are the persons prohibited from writing or drawing up depositions? 2. What is the import of writing or drawing up depositions here prohibited?

Some have attempted to confine the words agent or attorney to the persons employed in the general conduct of the cause. But we incline to think the terms must include an agent or attorney, employed by the party, to take the deposition, on behalf of the party, and to appear and act for him, in the particular transaction, although not otherwise employed in the case. This would not extend of course to any one, who should assist the magistrate, in drawing up the deposition, having no other agency in the transaction, although paid by the party, for in the matter of drawing up the deposition, he would act virtually on behalf of, and as the agent of the magistrate, whose duty, it appropriately was, to draw up the deposition from the mouth of the witness. Nor should I be inclined to hold, that the fact that the person drawing up the deposition was named to the magistrate by the party, or that he might be the son or the father of the attorney in the suit, would make any difference, unless he were the person acting essentially as the plaintiff's agent or attorney upon the occasion.

But it seems to us, that any one copying the deposition of a wit-

ness, at the suggestion of the party or his agent or attorney, in the absence of both the witness, and the magistrate, and so varying the phraseology, as to render it essentially and substantially different from what it was originally, as drawn up, must be regarded, in this office, as the agent or attorney of the party in the cause. And this is the second inquiry in the case.

What is " writing or drawing up a deposition ?" It seems to us that the statute here refers to such writing as is of the nature of drawing up the deposition. It must signify composing or inditing the story ; giving it form and expression and dress, so to speak. And this is a very important matter, in written testimony, and if allowed to be performed by one, in the interest of either party, would be liable to very considerably mislead the witness, and often in so subtle and inappreciable a manner, that it would be difficult for the witness, unless very shrewd and quick-sighted, to perceive it, and much more to dictate the necessary correction.

But it seems to us this would not extend to the mere copying of a deposition. If it were done by a copying machine, and were thus a mere *fac simile* no one could claim this. And if done by means of printing, it would not be essentially different, if no alterations were made. Nor if alterations were made, merely of a grammatical character, without varying the sense, in any particular, would the case be different, as it seems to us. The inquiry seems after all to be, was it merely copying the deposition, or " drawing up " a new one ? And the answer to this inquiry must determine the right.

In the present case all the alterations, except the first and the last, are merely supplying and writing out words accidentally omitted, in writing, or else elliptical words, which no reader could fail at once to supply in his own mind. And none of these vary either the form of the sentences, or their necessary import. In the first and last particulars, the forms of expression and the arrangement of the sentences in one part are slightly varied, but not to alter the sense in the slightest particular, as we can perceive, so that we must regard it as merely a copy of the first deposition, nothing more or less. We think therefore it was properly admitted and the objection overruled.

We have not been furnished with copies of the parts objected to in the other depositions, referred to in the exceptions, as we presume we should have been, if the party excepting had relied upon his exceptions. We did not perceive, as they were read at the bar, during the argument, but that every thing essential which was objected to, was ruled out by the court below. And we should not certainly feel called upon to go into any refinements in the case, for the purpose of opening it, at this stage of it, unless the party had sufficient confidence in his own exceptions, to furnish copies for the court. And we have no doubt the other question is all that is essential to determine the case.

Judgment affirmed.